IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSHUA BATTLES,

       Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC. AND AMERICREDIT
FINANCIAL SERVICES, INC.,

       Defendants.

Civil Action No.
6:25-cv-00917-RBD-RMN

_____/

## DEFENDANT AMERICREDIT FINANCIAL SERVICES, INC.'S MOTION FOR LEAVE TO FILE AMENDED ANSWER TO ASSERT A COUNTERCLAIM AND THIRD-PARTY COMPLAINT

Defendant, AmeriCredit Financial Services, Inc. d/b/a GM Financial ("GM Financial"), pursuant to Rules 14, 15 and 20 of the Federal Rules of Civil Procedure, moves for leave to amend its Answer to assert a counterclaim against Plaintiff, Joshua Battles, and a third-party complaint against the individual, Elijah Decoursey. As grounds therefor, Defendant states:

### Background and Proffered Amended Answer

1. Plaintiff initiated this action with a Complaint filed in the United States District Court, Central District of California, alleging as the GM Financial a violation of the Fair Credit Reporting Act (FCRA) arising from

62916414 v1

the August 25, 2022 credit purchase of an automobile. [Dkt. 1]. In connection therewith, Plaintiff alleges that he was a victim of identity theft committed by Elijah Decoursey. [Dkt. 1, ¶23].

2. On March 11, 2025, GM Financial served its Answer which denied the core of Plaintiff's allegations and set forth series of affirmative defenses. [Dkt. 16].

3. Pursuant to the Order of the Central District of California, this case was transferred to this Court on or about May 27, 2025. [Dkt. 29, 30]. Thereafter, on July 30, 2025, this Court entered a Case Management and Scheduling Order which, *inter alia*, established September 28, 2025, as the deadline to add parties or amend pleadings.[1] [Dkt. 68].

4. GM Financial now seeks leave to amend its Answer to assert a counterclaim against Plaintiff and a third-party complaint against Elijah Decoursey, each claim arising from the credit transaction giving rise to Plaintiff's FCRA claim.

5. Specifically, GM Financial seeks to assert state law breach of contract claims arising from the very installment sales contract giving rise to Plaintiff's FCRA claim. Notwithstanding Plaintiff's allegations of identity theft, GM Financial contends that Plaintiff and Decoursey were both parties

---

[1] September 28, 2025 fell on a Sunday.

to the sales contract and are both liable for the breach arising from the failure to make the payments due thereunder. GM Financial's proffered Amended Answer is attached hereto.[2]

## Legal Standard – Leave to Amend

6.   Rule 15(a)(2) similarly permits a party to amend its pleadings only upon the opposing party's written consent or the court's leave. With respect to the latter, "The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). Accordingly, "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Burger King Corp. v. Weaver*, 169 F. 3d 1310, 1319 (11th Cir. 1999) (internal quotations omitted).

7.   The required liberality is extended to counterclaims. *See, Arthrex, Inc. v. Parcus Med., LLC,* 2013 U.S. Dist. LEXIS 144722, at *4 (M.D. Fla. Oct. 7, 2013) (timely motions for leave to amend counterclaims are held to a very liberal standard); *Brown v. United States,* 2009 U.S. Dist. LEXIS 59073, at *26 (M.D. Fla. July 10, 2009) (granting motion to amend counterclaim "in light of the liberal standard of Fed. R. Civ. P. 15(a)(2) to 'freely give leave when justice so requires'").

---

[2] The counterclaim and the third-party claim are the only proposed revisions contained in the proffered amended answer.

8. With respect to third-party claims, Rule 14(a)(1) similarly provides that "the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Relatedly, Rule 20 permits the joinder of parties, oriented as plaintiff or defendants" with respect to claims for relief "arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed.R.Civ.P. 20(1).

9. Here, Plaintiff will not suffer any prejudice from the proposed amendment. In particular, the factual issues implicated by the counterclaim and third-party claim are already at issue herein given GM Financial's affirmative defenses asserting the accuracy of the information reported and the right to a set-off for amounts due and owing GM Financial. [Dkt. 16, Twelfth and Thirteenth Affirmative Defenses].

10. In contrast, prejudice in the form of duplicative discovery and the potential for inconsistent adjudications may arise upon the failure to grant leave. It is for this reason that joinder under Rule 20 is interpreted broadly. See *Blesedell v. Mobil Oil Co.*, 708 F.Supp. 1408, 1421 (S.D.N.Y. 1989) quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715,724, 86 S.Ct. 1130 (1966); *King v. Pepsi Cola Metro. Bottling Co.*, 86 F.R.D. 4, 5 (E.D. Pa. 1979) ("This court recognizes the policy favoring the broadest possible scope

of action consistent with fairness to the parties, strongly encouraging joinder of parties, claims and remedies.").

11. Moreover, the addition of the proposed counterclaim and third-party claim will not disrupt discovery give the overlap in Plaintiff's case and the issues to be litigated in the counterclaim and third-party action.

12. Consistent with the foregoing, this motion is made in good faith and not for the purpose of undue or prejudicial delay.

WHEREFORE, Defendant, AmeriCredit Financial Services, Inc. d/b/a GM Financial, respectfully requests the entry of an Order (a) granting Defendant leave to file its Amended Answer, (b) granting Defendant leave to join Elijah Decoursey as a third-party defendant, and (c) granting all such further relief as this Court deems just and proper.

### Local Rule 3.01(g) Certification

Undersigned counsel for Defendant certifies that he has initiated the meet and confer process with counsel for Plaintiff. That process is not yet complete but counsel is proceeding with the filing of this motion without delay in light of the deadline set forth in Case Management and Scheduling Order. Undersigned counsel will provide an appropriate supplement to this certification per Local Rule 3.01(g)(3).

Respectfully submitted this 29th day of September, 2025.

        **BURR & FORMAN LLP**

        By: */s/ M. Scott Thomas*
        **M. SCOTT THOMAS** (lead counsel)
        Florida Bar No.: 0994898
        50 North Laura Street, Suite 3000
        Jacksonville, Florida 32202
        Telephone: (904) 232-7200
        Facsimile: (904) 232-7201

        **ATTORNEYS FOR DEFENDANT**
        AmeriCredit Financial Services, Inc. d/b/a GM Financial

        **Primary and Secondary E-mail Addresses:**
        msthomas@burr.com
        jmlewis@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notification of such filing to the following:

Abbas Kazerounian
245 Fischer Avenue
Suite D1
Costa Mesa, CA 92626

Darren Newhart
Newhart Legal, P.A.
14611 Southern Blvd., Suite 1351
Loxahatchee, FL 33470

Joshua Eric Feygin
Joshua Feygin, PLLC / Sue Your Dealer
A Law Firm
1930 Harrison St., 208
Hollywood, FL 33020

        */s/ M. Scott Thomas*
        Attorney