**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JOSHUA BATTLES,

    Plaintiff,

v.                                               Case No. 6:25-cv-917-RBD-RMN

AMERICREDIT FINANCIAL
SERVICES, INC.,

    Defendant.
_____

**ORDER**

Before the Court is Defendant's motion for leave to file an amended answer (Doc. 76).

In this Fair Credit Reporting Act ("FCRA") case, Plaintiff alleges that Defendant made inaccurate credit reports due to its failure to investigate his claims of identity theft. (Doc. 1.) Defendant now seeks to amend its answer to assert a counterclaim for breach of contract against Plaintiff for failure to pay and to implead the alleged identity thief. (Doc. 76.) Plaintiff opposes, arguing that the counterclaim is permissive and the Court does not have jurisdiction over it. (Doc. 78.)

Courts may exercise supplemental jurisdiction over counterclaims that are "so related to claims in the action . . . that they form part of the same case or

controversy." 28 U.S.C. § 1367(a). A counterclaim is part of the same case or controversy when it "derive[s] from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Supplemental jurisdiction over compulsory counterclaims is automatic.[1] *Premium Leisure, LLC v. Gulf Coast Spa Mfrs., Inc.*, No. 8:08-cv-1048, 2008 WL 3927265, at *2 (M.D. Fla. Aug. 21, 2008). A counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" and "does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a)(1); *see Republic Health Corp. v. Lifemark Hosps. of Fla., Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985).

Defendant seeks to file a counterclaim and third-party claim for breach of contract. (*See* Doc. 76.) There is no federal question and the amount in controversy is too low for diversity jurisdiction, so only supplemental jurisdiction is available. (Doc. 76-1, p. 27, ¶ 9); *see* 28 U.S.C. §§ 1331, 1332(a), 1367. So the question is whether Defendant's counterclaim is compulsory, in which case the Court has supplemental jurisdiction. *See Premium Leisure*, 2008 WL 3927265, at *2.

---

[1] Permissive counterclaims are more complicated. Before the enactment of § 1367, the Eleventh Circuit held that permissive counterclaims, unlike compulsory ones, require an independent jurisdictional basis. *See E.-Bibb Twiggs Neighborhood Ass'n v. Macon Bibb Plan. & Zoning Comm'n*, 888 F.2d 1576, 1578 (11th Cir. 1989). The Eleventh Circuit has not addressed whether this independent basis is still required after § 1367, but other circuits have held that § 1367 did away with this distinction. *See Glob. NAPs, Inc. v. Verizon New England Inc.*, 603 F.3d 71, 87 (1st Cir. 2010); *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 213 (2d Cir. 2004); *Channell v. Citicorp Nat'l Servs., Inc.*, 89 F.3d 379, 385 (7th Cir. 1996).

The answer is yes: Defendant's counterclaim is compulsory. Under the logical relationship test, a counterclaim is compulsory when "the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Republic Health*, 755 F.2d at 1455 (cleaned up). Plaintiff's federal claim alleges that Defendant failed to investigate whether the asserted identity thief fraudulently signed a contract on Plaintiff's behalf, making the validity of the underlying contract the dispute central to the main claim. (Doc. 1, ¶¶ 67–71.) Whether that contract was validly executed will also be a central issue in Defendant's breach of contract counterclaim. (Doc. 76-1, p. 26, ¶ 3); *see Murciano v. Garcia*, 958 So. 2d 423, 423 (Fla. 3d DCA 2007) (breach of contract claim requires valid contract). So the claims are logically related and the counterclaim is compulsory because the same facts serve as the basis of both claims. *See Republic Health*, 755 F.2d at 1455; *James D. Hinson Elec. Contracting Co. v. Bellsouth Telecomms., Inc.*, No. 3:07-cv-598, 2011 WL 2448911, at *4 (M.D. Fla. Mar. 28, 2011) (counterclaim compulsory where plaintiff's claim had same factual basis). Because the counterclaim is compulsory, the Court has supplemental jurisdiction over it.[2] *See Premium Leisure*, 2008 WL

---

[2] Even if the claims were not so related that they rose to the level of arising out of the same transaction or occurrence, there is no question that they arise out of a common nucleus of operative fact—a more lenient test—so at the very least, even if the counterclaim *was* permissive, the Court would still have supplemental jurisdiction over it. *See Bakewell v. Fed. Fin. Grp.*, No. 1:04-cv-3538, 2006 WL 739807, at *3 (N.D. Ga. Mar. 21, 2006) (some permissive counterclaims satisfy broader supplemental jurisdiction standard); *Hunt v. 21st Mortg. Corp.*, No. 2:12-cv-381, 2012 WL

3927265, at *2.

The Court is unpersuaded by Plaintiff's argument that the Court should decline to exercise its supplemental jurisdiction because the potential chilling effect on FCRA claims constitutes an exceptional circumstance under § 1367(c)(4). (*See* Doc. 78, p. 13.) Any potential chilling effect is diminished because a debt collector may bring a breach of contract claim in state court regardless of plaintiffs' federal claims. *See Hunt v. 21st Mortg. Corp.*, No. 2:12-cv-381, 2012 WL 3903783, at *6 (N.D. Ala. Sept. 7, 2012). And strong countervailing public policy supports exercising supplemental jurisdiction because hearing both claims promotes judicial economy and prevents inconsistent verdicts. *See id.*; *Prime Tower Dev., LLC v. Clayton Cnty.*, No. 1:19-cv-2587, 2020 WL 13573500, at *9 (N.D. Ga. May 19, 2020).

Because Defendant sought to amend its answer within the deadline set by the Case Management and Scheduling Order (*see* Doc. 68, p. 3), the liberal standard of Rule 15—not the good cause standard of Rule 16—applies. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). As the counterclaim is compulsory and was timely filed, justice counsels that Defendant's motion should be granted. *See* Fed. R. Civ. P. 15(a)(2) ("[C]ourt should freely give leave [to amend] when justice so requires.").

---

3903783, at *4 (N.D. Ala. Sept. 7, 2012) (supplemental jurisdiction proper where both claims arose from single debt).

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Defendant's motion to amend (Doc. 76) is **GRANTED**.

2. By **Tuesday, November 4, 2025**, Defendant is **DIRECTED** to file the amended answer as a separate docket entry.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 28, 2025.

ROY B. DALTON, JR.
United States District Judge