## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JOSHUA BATTLES,

      Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC. AND AMERICREDIT
FINANCIAL SERVICES, INC.,

      Defendants,

v.

ELIJAH DECOURSEY,

      Third-Party Defendant,

_____/

Civil Action No.
6:25-cv-00917-RBD-RMN

## DEFENDANT AMERICREDIT FINANCIAL SERVICES, INC. D/B/A GM FINANCIAL'S AMENDED ANSWER, COUNTERCLAIM AND THIRD-PARTY COMPLAINT

Defendant, AmeriCredit Financial Services, Inc. d/b/a GM Financial ("GM Financial"), answers the Complaint filed by Plaintiff, Joshua Battles, as follows:

### INTRODUCTION

1.    In response to Paragraph 1, GM Financial admits that Plaintiff has brought this action against GM Financial. GM Financial further states that the remainder of the paragraph contains legal conclusions and/or opinions that are not subject to admission or denial. To the extent a response is required,

GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 1.

2.     In response to Paragraph 2, GM Financial states that this paragraph contains legal conclusions and/or opinions that are not subject to admission or denial. To the extent a response is required, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 2.

3.     In response to Paragraph 3, GM Financial states that this paragraph is contains legal conclusions and/or opinions that are not subject to admission or denial. To the extent a response is required, GM Financial denies the remaining allegations in Paragraph 3.

4.     In response to Paragraph 4, GM Financial states that this paragraph contains legal conclusions and/or opinions that are not subject to admission or denial. To the extent a response is required, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 4.

5.     In response to Paragraph 5, GM Financial states that this paragraph contains legal conclusions and/or opinions that are not subject to admission or denial. To the extent a response is required, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 5.

6.      In response to Paragraph 6, GM Financial states that this paragraph contains legal conclusions and/or opinions that are not subject to admission or denial To the extent a response is required, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 6.

7.      In response to Paragraph 7, GM Financial states that this paragraph contains legal conclusions and/or opinions that are not subject to admission or denial. To the extent a response is required, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 7.

8.      In response to Paragraph 8, GM Financial states that this paragraph contains legal conclusions and/or opinions that are not subject to admission or denial. To the extent a response is required, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 8.

9.      In response to Paragraph 9, GM Financial states that this paragraph contains legal conclusions and/or opinions that are not subject to admission or denial. To the extent a response is required, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 9.

10.    In response to Paragraph 10, as to itself, GM Financial denies the allegations in Paragraph 10. Except as expressly provided, GM Financial lacks sufficient knowledge to form a belief as to the truth of the remaining allegations in Paragraph 10.

11.    In response to Paragraph 11, GM Financial states that this paragraph contains legal conclusions and/or opinions that are not subject to admission or denial. To the extent a response is required, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 11. GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 11 as to other Defendants.

## JURISDICTION AND VENUE

12.    In response to Paragraph 12, GM Financial does not contest that the jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681p; and, 28 U.S.C. § 1367 for supplemental state claims. To the extent a further response is the remaining allegations in Paragraph 12.

13.    In response to Paragraph 13, as to itself, GM Financial denies the allegations in Paragraph 13. Except as expressly provided, GM Financial lacks sufficient knowledge to form a belief as to the truth of the remaining allegations in Paragraph 13.

14.    In response to Paragraph 14, GM Financial does not contest that personal jurisdiction is established as to GM Financial. To the extent a further

response is required, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 14.

15.    In response to Paragraph 15, GM Financial does not contest that venue is established as to GM Financial. To the extent a further response is required, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 15.

## PARTIES

16.    In response to Paragraph 16, GM Financial states that this paragraph contains legal conclusions and/or opinions that are not subject to admission or denial. To the extent a response is required, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 16.

17.    In response to Paragraph 17, GM Financial states that this paragraph contains legal conclusions and/or opinions that are not subject to admission or denial. To the extent a response is required, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 17.

18.    In response to Paragraph 18, GM Financial states that this paragraph contains legal conclusions and/or opinions that are not subject to admission or denial. To the extent a response is required, GM Financial lacks

sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 18.

19.    In Response to Paragraph 19, GM Financial states that this paragraph contains legal conclusions and/or opinions that are not subject to admission or denial. To the extent a response is required, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 19.

20.    In response to Paragraph 20, GM Financial avers that its principal place of business is at 801 Cherry Street, Fort Worth, Texas.

21.    In response to Paragraph 21, GM Financial states that this paragraph contains legal conclusions and/or opinions that are not subject to admission or denial. To the extent a response is required, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 21.

22.    In response to Paragraph 22, GM Financial states that this paragraph contains legal conclusions as it relates to FCRA 15 USC § 1681s-2 and/or opinions that are not subject to admission or denial. To the extent a response is required, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 22.

## FACTUAL ALLEGATIONS

23.    In response to Paragraph 23, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 23.

24.    In response to Paragraph 24, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 24.

25.    In response to Paragraph 25, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 25.

26.    In response to Paragraph 26, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 26.

27.    In response to Paragraph 27, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 27.

28.    In response to Paragraph 28, GM Financial denies the allegations contained therein. GM Financial did not take assignment of a 2019 GMC Sierra. GM Financial did take assignment of a 2020 BMW 3 Series with VIN . . .H12521

29.    In response to Paragraph 29, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 29. The account number associated with the BMW 3 Series with VIN . . .H12521 is Account # 111062XXXXXX.

30.    In response to Paragraph 30, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 30.

## FACTUAL ALLEGATIONS AS TO EXPERIAN

31.    In response to Paragraph 31, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 31.

32.    In response to Paragraph 32, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 32.

33.    In response to Paragraph 33, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 33.

34.    In response to Paragraph 34, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 34.

35.    In response to Paragraph 35, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 35.

36.    In response to Paragraph 36, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 36.

37.    In response to Paragraph 37, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 37.

38.    In response to Paragraph 38, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 38.

39.    In response to Paragraph 39, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 39.

40.    In response to Paragraph 40, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 40.

41.     In response to Paragraph 41, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 41.

42.     In response to Paragraph 42, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 42.

43.     In response to Paragraph 43, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 43.

44.     In response to Paragraph 44, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 44.

45.     In response to Paragraph 45, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 45.

46.     In response to Paragraph 46, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 46.

47.     In response to Paragraph 47, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 47.

48.     In response to Paragraph 48, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 48.

49.     In response to Paragraph 49, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 49.

50.     In response to Paragraph 50, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 50.

51.    In response to Paragraph 51, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 51.

52.    In response to Paragraph 52, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 52.

53.    In response to Paragraph 53, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 53.

54.    In response to Paragraph 54, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 54.

55.    In response to Paragraph 55, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 55.

56.    In response to Paragraph 56, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 56.

57.    In response to Paragraph 57, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 57.

58.    In response to Paragraph 58, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 58.

59.    In response to Paragraph 59, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 59.

60.    In response to Paragraph 60, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 60.

61.    In response to Paragraph 61, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 61.

62.    In response to Paragraph 62, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 62.

63.    In response to Paragraph 63, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 63.

64.    In response to Paragraph 64, GM Financial lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 64.

## FACTUAL ALLEGATIONS AS TO GM FINANCIAL

65.    In response to Paragraph 65, GM Financial lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 65 and on that ground denies them.

66.    In response to Paragraph 66, GM Financial lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 66 and on that ground denies them.

67.    In response to Paragraph 67, GM Financial lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 67 and on that ground denies them.

68.    In response to Paragraph 68, GM Financial lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 68 and on that ground denies them.

69.     In response to Paragraph 69, GM Financial lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 69 and on that ground denies them.

70.     In response to Paragraph 70, GM Financial lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 70 and on that ground denies them.

71.     In response to Paragraph 71, GM Financial lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 71 and on that ground denies them.

72.     In response to Paragraph 72, GM Financial lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 72 and on that ground denies them.

73.     In response to Paragraph 73, GM Financial denies the allegations contained therein.

74.     In response to Paragraph 74, GM Financial lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 74 and on that ground denies them.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681S-2, ET SEQ.**
**(AGAINST GM FINANCIAL)**

75.    In response to Paragraph 75, GM Financial re-alleges and incorporates herein its response to each and every Paragraph 75 above as though fully set forth herein.

76.    In response to Paragraph 76, this paragraph contains a legal conclusion that does not require a response. The FCRA is a statute that speaks for itself and the cases speak for themselves. To the extent a response is required, GM Financial responds that it lacks information or belief sufficient to answer the allegations in this paragraph and on that ground denies the allegations in Paragraph 76.

77.    In response to Paragraph 77, this paragraph contains a legal conclusion that does not require a response. The FCRA is a statute that speaks for itself and the cases speak for themselves. To the extent a response is required, GM Financial responds that it lacks information or belief sufficient to answer the allegations in this paragraph and on that ground denies the allegations in Paragraph 77.

78.    In response to Paragraph 78, this paragraph contains a legal conclusion that does not require a response. The FCRA is a statute that speaks for itself and the cases speak for themselves. To the extent a response is required, GM Financial responds that it lacks information or belief sufficient to answer the allegations in this paragraph and on that ground denies the allegations in Paragraph 78.

79.     In response to Paragraph 79, GM Financial denies the allegations contained therein.

80.     In response to Paragraph 80, GM Financial denies the allegations contained therein.

81.     In response to Paragraph 81, this paragraph contains a legal conclusion and hypothetical that do not require a response. To the extent a response is required, GM Financial responds that it lacks information or belief sufficient to answer the allegations in this paragraph and on that ground denies the allegations in Paragraph 81.

82.     In response to Paragraph 82, GM Financial denies the allegations contained therein. This paragraph contains a legal conclusion that does not require a response. The FCRA is a statute that speaks for itself and the cases speak for themselves. To the extent a response is required, GM Financial responds that it lacks information or belief sufficient to answer the allegations in this paragraph and on that ground denies the allegations in Paragraph 82.

83.     In response to Paragraph 83, as to the alleged negligence of GM Financial, it denies the allegations. Except as expressly provided, GM Financial lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 83 and on that ground denies them.

84.     In response to Paragraph 84, this paragraph contains a legal conclusion that does not require a response. The FCRA is a statute that speaks

for itself and the cases speak for themselves. To the extent a response is required, GM Financial responds that it lacks information or belief sufficient to answer the allegations in this paragraph and on that ground denies the allegations in Paragraph 84.

85.    In response to Paragraph 85, GM Financial denies the allegations contained therein.

86.    In response to Paragraph 86, GM Financial denies the allegations contained therein.

**SECOND CAUSE OF ACTION**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681I, ET SEQ.**
**(AS TO EXPERIAN)**

87.    In response to Paragraph 87, GM Financial re-alleges and incorporates herein its response to each and every Paragraph 87 above as though fully set forth herein.

88.    In response to Paragraph 88, this paragraph contains a legal conclusion that does not require a response. The FCRA is a statute that speaks for itself and the cases speak for themselves. To the extent a response is required, GM Financial responds that it lacks information or belief sufficient to answer the allegations in this paragraph and on that ground denies the allegations in Paragraph 88.

89.    In response to Paragraph 89, this paragraph contains a legal conclusion that does not require a response. The FCRA is a statute that speaks for itself and the cases speak for themselves. To the extent a response is required, GM Financial responds that it lacks information or belief sufficient to answer the allegations in this paragraph and on that ground denies the allegations in Paragraph 89.

90.    In response to Paragraph 90, this paragraph contains a legal conclusion that does not require a response. The FCRA is a statute that speaks for itself and the cases speak for themselves. To the extent a response is required, GM Financial responds that it lacks information or belief sufficient to answer the allegations in this paragraph and on that ground denies the allegations in Paragraph 90.

91.    In response to Paragraph 91, this paragraph contains a legal conclusion that does not require a response. The FCRA is a statute that speaks for itself and the cases speak for themselves. To the extent a response is required, GM Financial responds that it lacks information or belief sufficient to answer the allegations in this paragraph and on that ground denies the allegations in Paragraph 91.

92.    In response to Paragraph 92, this paragraph contains a legal conclusion that does not require a response. The FCRA is a statute that speaks for itself and the cases speak for themselves. To the extent a response is

required, GM Financial responds that it lacks information or belief sufficient to answer the allegations in this paragraph and on that ground denies the allegations in Paragraph 92.

93.    In response to Paragraph 93, GM Financial lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 93 and on that ground denies them.

94.    In response to Paragraph 94, this paragraph contains a legal conclusion that does not require a response. The FCRA is a statute that speaks for itself and the cases speak for themselves. To the extent a response is required, GM Financial responds that it lacks information or belief sufficient to answer the allegations in this paragraph and on that ground denies the allegations in Paragraph 94.

95.    In response to Paragraph 95, GM Financial lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 95 and on that ground denies them.

96.    In response to Paragraph 96, this paragraph contains a legal conclusion that does not require a response. The FCRA is a statute that speaks for itself and the cases speak for themselves. To the extent a response is required, GM Financial responds that it lacks information or belief sufficient to answer the allegations in this paragraph and on that ground denies the allegations in Paragraph 96.

## PRAYER FOR RELIEF

In response to the relief requested in the Prayer for Relief, GM Financial denies that Plaintiff is entitled to the requested relief for the reasons set forth in this answer, and denies that Plaintiff is entitled to any relief whatsoever.

## JURY DEMAND (BY PLAINTIFF)

GM Financial admits that Plaintiff has demanded a jury trial.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the Second Amended Complaint and to each allegation contained therein, GM Financial hereby alleges the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

The Complaint fails to state a claim upon which relief can be granted against GM Financial.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

Plaintiff lacks standing to pursue the claims alleged in the complaint because Plaintiff suffered no injury in fact as a result of the challenged conduct.

### THIRD AFFIRMATIVE DEFENSE
### (No Negligent or Willful Conduct)

As a separate affirmative defense, GM Financial contends that it did not engage in any conduct that was intentional, willful, reckless, wanton or done with negligent disregard with respect to Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE
### (Plaintiff's Failure to Comply With Notice Provisions)

GM Financial is informed and believes, and thereupon alleges, Plaintiff's claims under the FCRA are barred because Plaintiff failed to provide notice as required under 15 U.S.C § 1681s-2(b).

## FIFTH AFFIRMATIVE DEFENSE
### (Reasonable Investigation)

GM Financial is informed and believes, and thereupon alleges, Plaintiff's claims under the FCRA are barred because GM Financial conducted a reasonable investigation and carried out its duties pursuant to 15 U.S.C. §1681s-2(b).

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff's claims are barred in whole or in part as a result of his failure to mitigate alleged damages, if any. Further, to the extent Plaintiff seeks recovery for actual damages, such damages, if any, should be reduced in proportion to Plaintiff's failure to mitigate.

## SIXTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, including, but not limited to: 15 U.S.C. §1681p.

## SEVENTH AFFIRMATIVE DEFENSE
### (Compliance with Governing Law)

GM Financial's conduct was consistent with, permitted by, dictated by and in certain respects required by, applicable federal and state law, and therefore cannot be the subject of recovery in this action.

## EIGHTH AFFIRMATIVE DEFENSE
### (Good Faith)

This action is barred, in whole or in part, because GM Financial always acted in good faith and honesty in fact, and always observed reasonable commercial standards of fair dealing in the trade when dealing with Plaintiff and GM Financial's conduct is and was privileged or justified. To the extent there was any violation of the FCRA, which GM Financial denies, such violation(s) were not knowing and willful. GM Financial acted lawfully and within its legal rights, with good faith belief in the exercise of those rights, and in the furtherance of legitimate business purposes. Accordingly, Plaintiff is barred from any recovery in this action.

## NINTH AFFIRMATIVE DEFENSE
### (Consent/Ratification)

Plaintiff consented to all of GM Financial's acts or omissions which gave rise to the occurrences alleged in the Complaint, and subsequently ratified that conduct.

## TENTH AFFIRMATIVE DEFENSE
### (Reasonably Available Alternatives)

Plaintiff is barred from bringing the Complaint, and the claims contained therein, because Plaintiff had a reasonably available alternative to

the action which Plaintiff took or failed to take. Plaintiff could have avoided, in whole or in part, the damages alleged in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Responsibility of Third Parties)

Any injury or damage to Plaintiff was a result of the intentional, negligent, or otherwise wrongful acts of third parties, and any claims against GM Financial should be reduced in proportion to the faults of those third parties.

### TWELFTH AFFIRMATIVE DEFENSE
### (Set-Off)

Plaintiff's claims are subject to set-off of all sums due and owing to GM Financial, and/or all amounts previously paid, disbursed, or credited to Plaintiff by GM Financial, if any.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Truth/Accuracy of Information)

Plaintiff's claims are precluded because the information furnished by GM Financial, if any, was and is true and accurate.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Substantial Compliance)

As a separate affirmative defense, GM Financial asserts it substantially complied with the requirements of the FCRA.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Compliance with Governing Law)

GM Financial asserts it complied with the statutes, rules, and regulation which govern the subject matter of this lawsuit.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Mitigation of Damages)

Plaintiff is not entitled to recovery of any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate her damages with respect to the matters alleged in the complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Failure to Join Necessary Parties)

Plaintiff has failed to join necessary and/or indispensable parties.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Excessive Fines)

The award of statutory penalties under the FCRA against GM Financial would violate the prohibition against excessive fines of the United States Constitution. Statutory penalties violate due process rights "where the penalty prescribed is so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable." *United States v. Citrin*, 972 F.2d 1044, 1051 (9th Cir. 1992), quoting *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66-67 (1919); *People ex. rel. Lockyer v. R.J. Reynolds Tobacco Co.*, 37 Cal.4th 707, 726-730 (2005). The alleged violations at issue in this matter cause de minimis or no actual harm. Imposition of a $1,000 penalty per violation of the

FCRA, $100- $5,000 penalty—taken in the aggregate—may result in potential damages that are not proportional to the conduct alleged.

## NINETEENTH AFFIRMATIVE DEFENSE
### (No Damages)

GM Financial is informed and believes, and thereupon alleges, that Plaintiff has not sustained any damages in connection with the claims Plaintiff seeks to assert through this action. For that reason, Plaintiff is prevented from recovering under the FCRA 15 U.S.C. §1681o, as damages are required by this section.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Maintenance of Reasonable Policies and Procedures)

To the extent there was any violation of the FCRA, which GM Financial denies, GM Financial is not liable because at the time of the violation GM Financial maintained reasonable procedures to comply with the provisions of these Acts. Any violations by GM Financial were unintentional and resulted despite the maintenance of procedures reasonably adapted to avoid such violations.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Bona Fide Error)

Plaintiff's Complaint and each claim for relief therein are precluded because Plaintiff's damages, if any exist, resulted from a bona fide error

notwithstanding maintenance of procedures reasonably adapted to avoid such errors.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Privilege)

GM Financial is informed and believes and on that basis alleges that GM Financial's conduct alleged in the Complaint is privileged under the applicable statutes.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (No Causation)

As a separate affirmative defense, GM Financial contends any alleged FCRA violation did not directly cause harm or damages to Plaintiff, thus negating liability.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (No Private Right of Action)

Plaintiff does not have a private right of actions against GM Financial under the FCRA.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Complete and Accurate)

GM Financial alleges that any information furnished to the consumer credit reporting agencies is accurate and complete.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (No Material Violation)

GM Financial alleges that any violation of the FCRA was not material.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
#### (Due Process)

The imposition of statutory damages under the FCRA, and/or punitive damages against GM Financial would violate the Due Process provision of the United States Constitution. Specifically, grossly excessive penalties entered on a discretionary basis may amount to an "arbitrary deprivation of property without due process of law." *E.g., TXO Production Corp. v. Alliance Resources Corp.*, 509 U.S. 443, 453, 454 (1993); *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 562 (1996); *State Farm Mut. Auto Ins. Co. v. Campbell,* 538 U.S. 408, 426 (2003). The alleged violations at issue in this matter cause de minimis or no actual harm. Hence, imposition of the statutory and punitive damage elements built into the FCRA would violate the *BMW* proportionality as to Plaintiff.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
#### (Equitable Defenses)

As a separate affirmative defense, the complaint, and each cause of action alleged therein against GM Financial are barred by doctrines of estoppel, waiver, unclean hands, and other equitable doctrines.

### TWENTY-NINTH AFFIRMATIVE DEFENSE
#### (Arbitration)

Plaintiff's Lease Agreement contains an Arbitration Clause that requires Plaintiff to arbitrate any and all claims Plaintiff may have against GM

Financial. GM Financial expressly reserves and does not waive the requirement that Plaintiff arbitrate in this claim.

## **COUNTERCLAIM AND THIRD-PARTY COMPLAINT**

GM Financial counterclaims against Plaintiff, Joshua Battles, and sues Third-Party Defendant, Elijah Decoursey, and states:

### **General Allegations**

1.    Joshua Battles is the plaintiff herein.

2.    Third-Party Defendant, Elijah Decoursey, is an individual who resides in Alachua County, Florida.

3.    On August 25, 2022, Mr. Battles and Mr. Decoursey executed a Retail Installment Sales Contract (the "Contact") with Gainesville Buick GMC ("Gainesville Buick") for the purchase of a 2020 BMW 3 Series, Vehicle Identification No. WBA5U9CO9LFH12521 (the "Vehicle"). A true and correct copy of the Contract is attached hereto as Exhibit "A."

4.    Gainesville Buick immediately assigned its interest in the Contract to GM Financial.

5.    The requires Mr. Battles and Mr. Decoursey to make eighty-four (84) monthly payments of $1,128.60 to GM Financial.

6.    The Contract specifies that the failure of Mr. Battles or Mr. Decoursey to make any monthly payment on time constitutes a default.

7.    One or more events of default occurred under the Contract including, but not limited to, Mr. Battles and Mr. Decoursey's failure to make payments when due under the Contract.

8.    Pursuant to the Contract, GM Financial repossessed the Vehicle as a result of Mr. Battles and Mr. Decoursey's default.

9.    Pursuant to the Contract, as of September 29, 2025, Mr. Battle and Mr. Decoursey owe a balance of $58,208.65, plus accrued interest, fees and other charges and less the value of the repossessed vehicle.

10.    All conditions precedent to the filing of this action have been performed, waived or excused by law.

11.    GM Financial has engaged Burr & Forman LLP to prosecute the instant action, and has agreed to pay said attorneys a reasonable fee for their services, for which amount Mr. Battles and Mr. Decoursey's are obligated pursuant to the terms of the Contract and Florida law.

## Breach of Contract

12.    GM Financial has complied with its obligations under the Contract.

13.    Mr. Battles and Mr. Decoursey materially breached the Contract by failing to make payments when due thereunder.

14.    Mr. Battles and Mr. Decoursey are jointly and severally liable to GM Financial for breach of the Contract in the amount of $58,208.65, plus

accrued interest, fees and other charges and less the value of the repossessed vehicle as of September 29, 2025. The foregoing amount is exclusive of attorneys' fees and other legally-recoverable costs

**GM FINANCIAL'S PRAYER FOR RELIEF**

WHEREFORE, GM Financial prays for relief as follows:

1.    That, with respect to the Complaint, Plaintiff take nothing and the Court enter a final judgment in favor of GM Financial and awarding it the costs of suit and reasonable attorneys' fees;

2.    That, with respect to its Counterclaim and Third-Party Complaint, the Court enter a final judgment against Mr. Battles and Mr. Decoursey awarding GM Financial its compensatory damages, together with an award of costs and reasonable attorneys' fees pursuant to the terms of the Contract; and

3.    For such other and further relief as the Court finds just and proper

Respectfully submitted this 4th day of November, 2025.

**BURR & FORMAN LLP**

By:     /s/ M. Scott Thomas
**M. SCOTT THOMAS** (lead counsel)
Florida Bar No.: 0994898
50 North Laura Street, Suite 3000
Jacksonville, Florida 32202
Telephone: (904) 232-7200
Facsimile: (904) 232-7201

**ATTORNEYS FOR DEFENDANT
AmeriCredit Financial Services,
Inc. d/b/a GM Financial**

**Primary and Secondary E-mail Addresses:**
msthomas@burr.com
jmlewis@burr.com