UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSHUA BATTLES,

    Plaintiff,

v.                                                                      Case No. 6:25-cv-917-RBD-RMN

AMERICREDIT FINANCIAL
SERVICES, INC.,

    Defendant,

v.

ELIJAH DECOURSEY,

    Third-Party Defendant.
_____

**ORDER**

On *sua sponte* review of the parties' Stipulation of Dismissal (Doc. 81 ("Stipulation")), the Stipulation is due to be stricken.

Under Federal Rule of Civil Procedure 41(a)(1)(A), a plaintiff may voluntarily dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by *all parties who have appeared*. Fed. R. Civ. P. 42(a)(1)(A)(i)–(ii); *see also City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, 82 F.4th 1031, 1038 (11th Cir. 2023) (requiring stipulation

signed by all parties even if some have since been removed from the action).

Here, Plaintiff and Defendant AmeriCredit Financial Services, Inc. ("AmeriCredit") filed a stipulation seeking to dismiss AmeriCredit's third-party complaint against Elijah Decoursey under Rule 41(a)(1)(A)(ii).[1] Because Decoursey has yet to appear, his signature was not required. *See City of Jacksonville*, 82 F.4th at 1038. But Defendant Experian Information Solutions Inc. ("Experian"), which was terminated earlier in the case (Doc. 58), did not sign the Stipulation. (Doc. 81.) Because it was not signed by *all* parties who have appeared, even those who have been terminated, it is improper and due to be stricken. *See City of Jacksonville*, 82 F.4th at 1038. The parties may refile their stipulation with the required signature from Experian.

Accordingly, it is **ORDERED AND ADJUDGED** that the Stipulation (Doc. 81) is **STRICKEN**. The Clerk is **DIRECTED** to remove it from the docket.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 4, 2025.



ROY B. DALTON, JR.
United States District Judge

---

[1] Plaintiff and AmeriCredit also filed a notice of settlement for the claims between them. (Doc. 82 ("Notice").) The Court understands the Notice to intend to resolve both Plaintiff's claim against AmeriCredit and AmeriCredit's counterclaim. If this was not the parties' understanding, they must refile the Notice and advise the Court of their intended disposition of the counterclaim.